IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA )
)
)
v. ) No. 06 CR 147
)
)
CORIN ACKER )
)

# MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Corin Acker's ("Acker") motion for judgment of acquittal. For the reasons stated below, we deny the motion.

## BACKGROUND

On May 23, 2006, Acker was charged in this case in a superseding indictment with knowingly possessing a firearm after being previously convicted of a felony in violation of 18 U.S.C. § 922(g)(1). This case proceeded to jury trial and on November 30, 2006, Acker was found guilty by the jury. Acker now moves for a judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29(c).

1

## LEGAL STANDARD

A defendant in a criminal case who has been found guilty by a jury may move for an acquittal under Federal Rule of Criminal Procedure 29(c). Fed. R. Crim. P. 29(c). If the defendant is challenging the sufficiency of the evidence presented at trial, the court must "consider the evidence in the light most favorable to the prosecution, drawing all reasonable inferences in the government's favor," and a "[r]eversal is appropriate only when, after viewing the evidence in such a manner, no rational jury 'could have found the defendant to have committed the essential elements of the crime.'" *United States v. Macari*, 453 F.3d 926, 936 (7th Cir. 2006)(quoting *United States v. Masten,* 170 F.3d 790, 794 (7th Cir. 1999); *see also United States v. Pree*, 408 F.3d 855, 865 (7th Cir. 2005)(stating that a motion for acquittal should be granted "only if, viewing the evidence in the light most favorable to the Government, no rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt"); *United States v. Gougis*, 432 F.3d 735, 743-44 (7th Cir. 2005)(stating that a defendant who challenges the sufficiency of the evidence "faces a nearly insurmountable hurdle")(citation omitted).

## DISCUSSION

Acker argues that the testimony by officers indicating that they saw Acker in possession of a firearm was not credible. Acker also argues that the testimony of the officers regarding Acker's alleged confession the day after his arrest was not credible. Finally, Acker contends that there was no physical evidence introduced at

2

trial that connects Acker with the firearm. Acker contends that due to the alleged deficiencies in the Government's case, the Government failed to prove Acker guilty beyond a reasonable doubt.

I. Eyewitness Testimony

Acker argues that the eyewitness testimony was not credible. At trial, Officers Pete Roehl and Mike Amorella ("Eyewitness Officers") testified that while they were in an unmarked vehicle and were dressed in plain clothes, they saw Acker carrying a firearm. The credibility of a witness' testimony is a determination that can be made solely by the trier of fact. *United States v. Griffin*, 194 F.3d 808, 816-17 (7th Cir. 1999). A court may overturn a conviction on the basis that the jury erred in its credibility determination only if "a witness's testimony was incredible as a matter of law." *Id.* (citations omitted)(stating also that "[t]o make the necessary showing that certain evidence is 'incredible as a matter of law' or 'unbelievable on its face,' [the defendant] must demonstrate that it would have been physically impossible for the witness to observe what he described, or it was impossible under the laws of nature for those events to have occurred at all"). The Eyewitness Officers' testimony regarding their observations of Acker with a firearm did not include any facts that would have been physically impossible or that could be deemed incredible as a matter of law. Thus, Acker's contention that certain facts in the case render the "truthfulness of [the Eyewitness Officers'] testimony highly unlikely" does not offer a proper basis for acquittal since the jury has already made a credibility

determination and Acker has not provided a basis to overturn that determination. Thus, we deny the motion for judgment of acquittal that it is based upon the credibility of the Eyewitness Officers' testimony.

II. Evidence of Confession

Acker argues that it was improper to consider his confession because the only evidence presented on the issue was testimony by officers and such testimony was not credible. The Government presented evidence that showed that the day after Acker's arrest Officer Daniel Freeman ("Freeman") and Special Agent Ray Dowling ("Dowling") interviewed Acker. Freeman and Dowling testified that during the interview, Acker confessed to possessing a firearm on the date in question. Acker contends that neither Freeman nor Dowling took any notes concerning the confession and that their testimony is not believable. However, as stated above, such credibility assessments can only be made by the jury and neither Freeman nor Dowling testified as to facts that could be deemed incredible as a matter of law. Neither is there any evidentiary rule that requires the Government to present evidence beyond the testimony of police officers to corroborate the testimony and show that a defendant confessed to a crime. The testimony of Freeman and Dowling was evidence that the jury could properly consider and Acker was able to point out at trial that the Government did not produce any notes or other physical evidence concerning the confession. Therefore, we deny the motion for judgment of acquittal that it is based upon the testimony of Freeman and Dowling.

4

III.  Physical Evidence Connecting Acker to the Firearm

Acker argues that the Government failed to meet its burden of proof because the Government failed to produce physical evidence that connected Acker to the firearm in question.  Acker points out that certain evidence showed that Acker's fingerprints were not found on the firearm or its components and that there is a lack of evidence that showed that Acker was wearing gloves on the night in question.  However, there is no evidentiary rule that requires the Government to present fingerprint evidence or other physical evidence to prove that a defendant possessed a firearm.  Acker was able to make his arguments concerning the fingerprint tests at trial and the jury was able to consider such facts.  We cannot now second guess the jury's findings on this issue.  The Government also presented evidence at trial concerning fingerprints that showed that the fact that Acker's fingerprints were not detected by a test did not necessarily mean that it was impossible for him to have ever held the firearm in question.  The Government introduced testimony that indicated that it was possible that Acker held the firearm and his fingerprints were either not left on the firearm or no longer remained on the firearm when the firearm was tested.  There was sufficient evidence presented at trial for a rational jury to find that Acker possessed the firearm in question.  Therefore, we deny Acker's motion for judgment of acquittal that it is based upon the lack of physical evidence connecting Acker to the firearm in question.

IV.  Totality of the Evidence

Acker also presents a general argument that for the reasons stated above and for other reasons the Government failed to meet its burden at trial of proving Acker guilty beyond a reasonable doubt. In addition to the arguments mentioned above, Acker contends that the Eyewitness Officers saw Acker at night in poor lighting conditions. Acker also claims that there was evidence that showed that other eyewitnesses were present at the scene where Acker was seen carrying the firearm, but no such witnesses were questioned or listed on police reports. However, at trial, Acker was able to bring out the facts concerning the lighting conditions and ask questions concerning the presence of other eyewitnesses. Such facts do not show that the testimony of the Eyewitness Officers included facts that were physically impossible or incredible as a matter of law. Finally, even when considering all of the arguments presented by Acker in their totality we conclude that a judgment of acquittal is not warranted. Therefore, we deny Acker's motion for a judgment of acquittal.

## CONCLUSION

Based on the foregoing analysis, we deny the motion for judgment of acquittal.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: January 29, 2007